**Eileen CROWLEY, Plaintiff,**

v.

**L.L. BEAN, INC., Defendant.**

**No. CIV. 00–183–P–C.**

United States District Court, D. Maine.

Feb. 26, 2003.

Douglas A. Grauel, Linnell, Choate & Webber, Rebecca S.K. Webber, Linnell, Choate & Webber, Auburn, ME, for Plaintiff.

George S. Isaacson, Brann & Isaacson, Peter J. Brann, Brann & Isaacson, Lewiston, ME, for Defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ATTORNEYS' FEE REQUEST

GENE CARTER, Senior District Judge.

Now before the Court is Defendant L.L. Bean's Motion to Strike Plaintiff's Attorneys' Fee request. Docket Item No. 128. Plaintiff has filed her Application for Attorneys' Fees and objects to Defendant's Motion to Strike. Docket Item Nos. 127, 130, 132. Finding Plaintiff's Application for Attorneys' Fees untimely, the Court will grant Defendant's Motion to Strike.

The facts relevant to the filing of Plaintiff's Application for Attorneys' Fees are as follows. On June 14, 2001, following a jury trial, this Court entered judgment in favor of Plaintiff Eileen Crowley. Docket Item No. 99. On June 26, 2001, L.L. Bean filed a Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial. Docket Item No. 102. While that motion was pending, on October 24, 2001, Crowley filed a Request for Clarification on Filing of Attorneys' Fee Application. Docket Item No. 113. In that request, Crowley asked for "clarification on when the Court would like plaintiff to file her request for attorneys' fees as the prevailing party in this matter." *Id.* Later that same day, the Court entered the following order: "It is hereby **ORDERED** that the attorneys' fee application be filed with this Court within 30 days of the disposition of any appeal."[1] Docket Item No. 114.

On November 8, 2001, the Court denied Defendant's post-trial motion. Docket Item No. 115. Defendant appealed to the Court of Appeals for the First Circuit, and on September 19, 2002, the First Circuit denied Defendant's appeal and affirmed the judgment. Docket Item No. 126. On October 21, 2002, the Mandate was issued by the Court of Appeals for the First Circuit, and on November 6, 2002, the mandate was filed with this Court.[2] Docket Item No. 126. Plaintiff Eileen Crowley filed her request for attorneys' fees on January 17, 2003. Docket Item No. 127. Defendant now moves to strike Crowley's attorneys' fee request as untimely. Plaintiff objects, contending that her application was timely filed or, in the alternative, if the application was untimely, Plaintiff requests that the Court excuse her interpretation of the rule.

For support, Plaintiff relies on Local Rule 54.2, which provides the timeframe in which

---

1. The Local Rule controlling when to file an application for attorneys' fees in effect at the time Plaintiff requested clarification on when to file her petition for attorneys' fees provided:

   An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal has been filed shall be filed within 60 days of entry of judgment.

   An application for fees in all other cases shall be filed within 30 days of the disposition

of the appeal. A claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the prescribed time as described herein. Local Rule 54.2 (effective March 1, 1997).

2. The time and date stamp reflects that the Mandate was received by the Court on November 4, 2002, but because the Mandate was entered into the electronic docket on November 6, 2002, the Court will use that as the date it was filed.

to file an application for attorneys' fees. Local Rule 54.2 provides as follows:

> An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal has been filed shall be filed within 30 days of the expiration of the time for filing a timely appeal.

> An application for fees in all other cases shall be filed within 30 days of the filing of the appellate mandate providing for the final disposition of any appeal. A claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the prescribed time as described herein.

Local Rule 54.2 (effective December 1, 2001). Plaintiff asserts that "[t]he language of the local rule governing this dispute is that a fee application must be filed 'within 30 days of the expiration of the time for filing a timely appeal.'" Plaintiff's Opposition to Defendant's Motion to Strike Attorneys' Fee Application at 1. To explain her position on the fee application filing deadline, Plaintiff states that "the deadline for filing a timely appeal to the United States Supreme Court was ninety days from the date of the First Circuit judgment." Plaintiff's Opposition at 2 (citing Rule 13 of the Rules of the United States Supreme Court). Using the ninety days from September 19, 2002, the date the Court of Appeals for the First Circuit denied Defendant's appeal, Plaintiff calculated the deadline for Defendant to file for a writ of certiorari with the Supreme Court of the United States to be December 18, 2002. Plaintiff then added the thirty days provided for in the first paragraph of Local Rule 54.2 to determine that the deadline for the filing of her Application for Attorneys' Fees was January 17, 2003.

Defendant argues that because there was an appeal to the Court of Appeals for the First Circuit in this case, Plaintiff erroneously relied upon the first paragraph of Local Rule 54.2 relating to a "case in which no notice of appeal has been filed." Local Rule 54.2. Defendant goes on to suggest that the provision of Local Rule 54.2 that is applicable to the filing of the application for fees in this case is the second paragraph, which states that the fee application "shall be filed within 30 days of the filing of the appellate mandate providing for the final disposition of any appeal." Local Rule 54.2. Defendant also points out that the express language of this Court's Order of October 24, 2001, required the fee petition to "be filed with this Court within 30 days of the disposition of any appeal." Given that the appellate Mandate was filed with this Court on November 6, 2002, Defendant asserts that Plaintiff's application for attorneys' fees was due on or before December 6, 2002.

This Court agrees with Defendant. The language of Local Rule 54.2 is clear and unambiguous. The timeframe for calculating when to file a fee application expressed in the first paragraph of Rule 54.2 involves those cases "in which no notice of appeal has been filed" and is, therefore, inapplicable to this case where there was an appeal to the Court of Appeals for the First Circuit. Whether the filing of the application for attorneys' fees in this case is controlled by Local Rule 54.2 or this Court's Order of October 24, 2001, the result is the same. The deadline for filing an Application for Attorneys' Fees was December 6, 2002; that is, thirty days after November 6, 2002, the date the electronic docket reflects that the Mandate was docketed with this Court.

Although Plaintiff requests that the Court excuse her late application, she advances no rationale to support that position. Given Plaintiff's explanation of how she calculated the deadline for filing her fee application, the Court finds that there is no excusable neglect in this case. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'"); *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6–7 (1st Cir.2001)(In the absence of unique or extraordinary circumstances, there is no excusable neglect for a delay in filing if the delay resulted from the misunderstanding of clear law or misreading of an unambiguous judicial decree.); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 630–31 (1st Cir.2000)("A misunder-

standing that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect."). Although the result in this case is unusually harsh, the uniform enforcement of the rules is essential to the operation of this Court.

Accordingly, the Court **ORDERS** that Defendant's Motion to Strike Plaintiff's Attorneys' Fees Request be, and it is hereby, **GRANTED**.